Douglas R. Ricks, OSB 044026
Daniel C. Bonham, OSB 183104
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 19-34092-tmb11 |
|---|---|
| Fizz and Bubble, LLC, | |
| Debtor-in-Possession. | |
| Fizz and Bubble, LLC, | Adv. Pro. No. _____ |
| Plaintiff, | COMPLAINT (Recovery of Money or Property) |
| vs. | |
| Kohl's, Inc., a Corporation of Wisconsin, | |
| Defendant. | |

## INTRODUCTION

Plaintiff Fizz and Bubble, LLC ("Plaintiff" or "Debtor") is the Debtor-in-Possession in the above-captioned case. Debtor, by this Complaint, seeks the recovery of money from Kohl's, Inc., a corporation of Wisconsin, ("Kohl's" or "Defendant") related to goods delivered to Defendant by Plaintiff since the filing of the bankruptcy case.

Page 1 of 6   COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20

Debtor alleges:

## PARTIES

1. Fizz and Bubble, LLC, is a Debtor-in-Possession in this chapter 11 bankruptcy case.

2. Kohl's is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Wisconsin, and duly authorized to do business in the State of Oregon. Kohl's was previously known as Kohl's Department Stores, Inc. and is a retailer of consumer products, including those manufactured by the Debtor.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(E)(H) and (O).  This proceeding is also within the Court's non-core jurisdiction, pursuant to 28 U.S.C. § 157(c)(1) as a matter otherwise related to the bankruptcy case.  Pursuant to LBR 7008-1, Plaintiff consents to the entry of a final order or judgment by the Court.

4. Venue is proper under 28 U.S.C. § 1409.

5. This proceeding is brought pursuant to FRBP 7001(1).

6. Plaintiff is an Oregon limited liability company.

7. On November 4, 2019, Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Petition Date").

8. This is an adversary proceeding to recover on a claim belonging to the estate on account of deliveries of goods to Defendant by the Debtor.

/ / /

/ / /

Page 2 of 6     COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20

## STATEMENT OF FACTS

9. On March 29, 2018, Plaintiff and Defendant entered into the Standard Vendor Agreement for the delivery of Plaintiff's products to Defendant and the terms for Defendant's payment to Plaintiff for such deliveries. A copy of the Standard Vendor Agreement between Plaintiff and Defendant is attached hereto as **Exhibit A** (the "Vendor Agreement").

10. On May 1, 2019, Plaintiff and Defendant entered into the Prepayment Agreement providing for the advancing of $1.3 million by Defendant to Plaintiff on account of future deliveries to be made to Defendant by Plaintiff. The Prepayment Agreement was amended on August 26, 2019 on account of an increase of the amount advanced to $1.8 million. A copy of the August 26, 2019 amended Prepayment Agreement is attached hereto as **Exhibit B** (the "Prepayment Agreement").

11. According to its terms, the Prepayment Agreement required that sufficient deliveries be made by October 31, 2019 to satisfy all amounts advances and all sums due under the Prepayment Agreement.

12. As of the Petition Date, Plaintiff had neither made sufficient deliveries nor made payment to Defendant to satisfy all amounts due under the Prepayment Agreement.

13. As of and after the Petition Date, Defendant had outstanding purchase orders to Plaintiff for delivery of Plaintiff's products to Defendant.

14. Pursuant to the Vendor Agreement, and after the Petition Date, Plaintiff made deliveries of its products to Defendant on account of Defendant's purchase orders. A copy of Plaintiff's shipment reports of deliveries made to Defendant post-petition are attached hereto as **Exhibit C**.

Page 3 of 6    COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20

15. Defendant has not paid anything to Plaintiff on account of the post-petition deliveries made by Plaintiff on Defendant's purchase orders.

16. Plaintiff shipped a total of $997,976.77 of products to Defendant post-petition on account of Defendant's purchase orders. After deduction for marketing, the balance owed on account of such shipments is $899,078.18, subject to any discounts allowed under the Vendor Agreement.

17. Despite repeated requests from Plaintiff and its counsel, Defendant has not provided to Plaintiff any itemization or specific claim related to discounts under the Vendor Agreement for deliveries made post-petition.

18. Plaintiff has fulfilled all conditions precedent under the Vendor Agreement to entitle it to payment from Defendant.

19. After demand by Plaintiff, Defendant refuses to pay Plaintiff on account of the post-petition deliveries.

## FIRST CLAIM FOR RELIEF

**(Turnover of Property of the Estate - 11 U.S.C. § 542(b); Breach of Contract)**

20. Plaintiff hereby repeats and realleges the allegations set forth in the preceding paragraphs 1 through and including 19 as though fully set forth herein and incorporates the same herein by this reference.

20. Pursuant to the Vendor Agreement, Defendant agreed to pay Plaintiff for shipments of products made to Defendant by Plaintiff on net 45-day terms.

21. Notwithstanding the Vendor Agreement, Defendant materially breached the Vendor Agreement by failing to make payment in a timely manner as required pursuant to the Vendor Agreement.

Page 4 of 6     COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20

22. The amounts due under the Vendor Agreement are now payable in full. Defendant is in material breach by still failing to satisfy the outstanding debt.

23. As a result of Defendant's material breaches, Plaintiff has suffered economic damages in an amount to be proven at trial, but not less than $899,078.18, as well as consequential damages to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Turnover of Property of the Estate – 11 U.S.C. § 542(b); Unjust Enrichment)**

In the alternative, and for its second claim for relief, Plaintiff alleges as follows:

24. Plaintiff hereby repeats and realleges the allegations set forth in the preceding paragraphs 1 through and including 19 as though fully set forth herein and incorporates the same herein by this reference.

25. Plaintiff provided product to Defendant as discussed above, thereby conferring material benefits upon Defendant.

26. Defendant is aware that it has received benefits as a result of having received and accepted product from Plaintiff and holding out the promise of future orders to Plaintiff to induce Plaintiff to deliver additional product.

27. It would be unjust to allow Defendant to retain the benefit of its actions without requiring it to pay for the benefits it has received because: (a) Plaintiff has reasonably expected Defendant to compensate it for the product that Defendant received from Plaintiff; (b) Defendant should reasonably have expected to pay for the benefits conferred upon it; and (c) no justification exists for the loss of Plaintiff's product and the receipt of benefits by Defendant.

/ / /

Page 5 of 6    COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20

28. Defendant was unjustly enriched at Plaintiff's expense, in an amount to be determined at trial, but no less than $899,078.18. Plaintiff is entitled to this amount plus any other damages proven at trial together with interest until paid in full.

WHEREFORE, the Plaintiff respectfully requests judgment against Defendant as follows:

1. On Plaintiff's First Claim for Relief, turnover to Plaintiff the debt owed by Defendant in an amount to be proven at trial, but not less than $899,078.18, with interest thereon at the applicable rate;

2. In the alternative, and on Plaintiff's Second Claim for Relief, turnover to Plaintiff the sums unjustly enriched by Defendant in an amount to be proven at trial, but not less than $899,078.18, with interest thereon at the applicable rate; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted;

DATED: April 23, 2020        VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
   Douglas R. Ricks, OSB #044026
   Of Attorneys for Debtor-in-Possession

Page 6 of 6    COMPLAINT (Recovery of Money or Property)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 20-03046-tmb    Doc 1    Filed 04/23/20



# STANDARD VENDOR AGREEMENT FORM

3/12/18

Vendor Disposition: B&M/ECOM (New)

Date: 3/29/18
To: Primary Vendor Name: **Fizz & Bubble, LLC**
Position of Authorizer: **DMM, Beauty**

From:

| For Kohl's Internal Use Only | |
|---|---|
| Omni Buyer: | **31-Stuckert, Sara** |
| Dept **122** | Brand **FIZZ & BUBBLE** |
| Dept ____ | Brand ____ |
| Dept ____ | Brand ____ |
| Dept ____ | Brand ____ |
| Dept ____ | Brand ____ |
| Dept ____ | Brand ____ |
| Dept ____ | Brand ____ |

Re: Kohls Standard Vendor Agreement Form

This agreement supplements and otherwise incorporates the terms and conditions governing all purchase orders, including without limitation, those terms and conditions on www.connection.kohls.com, as amended from time-to-time.

This agreement is effective for all Kohl's fiscal **2018** orders and will remain in place until such time that a new agreement is entered into by and between the parties.

**Payment Terms**
- Net **45** days dating for all orders

**Freight Terms**
- Who Pays **KOHL'S**
- % Kohl's ____ % Vendor ____

**Shipping Points**
- FOB Point **ORIGIN**
- Shipping Point **Sherwood, Oregon**

**Trade Discount**
- ____ % [1.5] trade discount on all gross receipts at cost, taken as a deduction off all invoices.

**New Store Discount ***
- **5.00** % [5%] discount on all new store gross cost orders defined as initial orders, flow back orders and the new store portion of bulk orders delivered with in 30 days of grand opening.
- Discounts shall be deducted off the initial, flow back and the new store portions of bulk order invoices.
- Flow back orders are defined as any order that replenishes a new store within 30 days of opening.
- Initial new store orders shall be given an additional 60 days terms.

**Defective Allowance (MOS)***
- **2.00** % [2%] defective allowance off all gross receipts at cost taken as a deduction off all invoices.

**Defective Return Disposition**
- Return Disposition **MOS (MARKOUT)**

**Bridal Registry**
- ____ % allowance off all gross receipts at cost taken as a deduction off all invoices.
- Authorization ID ____

**Broadcast Optimization**
- A **1.00** % broadcast support deduction will be taken off all gross receipts at cost taken as a deduction off all invoices.

**Late Shipment/Extensions** *(Not applicable for Direct Ship Fulfillment)*
- Any late shipments or agreed to PO extensions will be subject to a minimum 10% charge on the gross cost value of the late shipment.

**Handling Charge** *(Direct Ship Fulfillment Only)*
- Handling charge applied to Direct Ship Orders?
- ____ Y/N? ____ % of Cost OR ____ $ per item
  Note: The handling charge, if any, must also be indicated on the DSN Product Assortment Worksheet completed by the Vendor.

**Profitability Assistance and Advertising Co-op**
- Profitability assistance will be used to offset markdowns taken or advertising run to promote your product. The method of collection will be a deduction from invoice; however, this support is not linked to the invoiced merchandise. All support will be used to offset advertising run or markdowns taken prior to the time of the deduction being taken.
- This assistance is the minimum guaranteed. Additional support may be negotiated in addition to this assistance.
- The minimum assistance will equate to **8.00** % of gross receipts for the term of this agreement and shall be taken as a deduction off all invoices on a monthly basis.

**Gross Margin Expectation**
- Our seasonal gross margin expectation is ____ % Vendor profitability will be discussed on a regular basis and settled quarterly. While this is our gross margin expectation, your signature does not confirm or authorize a binding profitability agreement.

**Table and Tower Sets**
- Table and Tower set orders will have 60 days dating for payment terms and will be identified prior to shipment

**Other Support**
- Initial Markup = 50%. Vendor to fund all markdowns on discontinued/aged product.
- Vendor to fund all graphics & fixtures

By signing this agreement your company agrees to all the terms and conditions described herein.

VENDOR: *Jordan Brown* Date: 3/29/2018
— D59E979D70DB44D...

KOHL'S DMM or GMM: ____ Date: ____

Robert Jezowski or Amy Kocourek - GMM
Robert.Jezowski@kohls.com Amy.Kocourek@kohls.com

CORPORATE OFFICES ● N56W17000 RIDGEWOOD DRIVE ● MENOMONEE FALLS, WISCONSIN 53051 ● (262) 703-7000

Updated: 3/12/18

**EXHIBIT A - Page 1 of 1**

Case 20-03046-tmb    Doc 1    Filed 04/23/20



August 26, 2019

**VIA EMAIL**
Craig Barnes
Fizz & Bubble, LLC
27120 SW 95th, Suite 3280
Wilsonville, OR 97070

Re: *AMENDMENT – Kohl's and Fizz & Bubble – Prepayment Agreement*

**Dear Craig:**

Reference is made to agreement between **Kohl's Department Stores, Inc. ("Kohl's")** and **Fizz & Bubble, LLC ("F&B")**, effective May 1, 2019, regarding Kohl's advanced payment to F&B, in the amounts and according to the terms specified therein, in connection with Kohl's purchase of certain merchandise from F&B ("**Agreement**"). The Parties desire to amend the Agreement on the terms and subject to the conditions set forth in this letter ("**Amendment**"), effective August 26, 2019 ("**Amendment Effective Date**"). Please have a copy of this Amendment signed and returned to me (via PDF/email) to confirm our understanding, as follows:

1. **Definitions**: Capitalized terms used and not defined in this Amendment have the respective meanings assigned to them in the Agreement.

2. **Term:** The Term of the Agreement shall be amended such that it shall expire upon the earlier of: (i) the total Prepayment amount paid by Kohl's to F&B reaches One Million Eight Hundred Thousand Dollars ($1,800,000.00); (ii) October 31, 2019; or (iii) contemporaneous with F&B's fulfillment of Kohl's final purchase order for F&B merchandise ("**Term**"). Upon expiration or termination of the Agreement, Kohl's shall have no further Prepayment obligations to F&B in connection with any subsequent purchase orders; however, F&B's repayment obligations and Kohl's rights and remedies in connection therewith shall expressly survive in accordance with Paragraph 10 of the Agreement.

3. **Acknowledgement**: For the avoidance of doubt, the Parties acknowledge and agree that, as of the Amendment Effective Date, Kohl's has not exercised any applicable deductions or discounts relative to the Prepayment amounts nor has F&B repaid to Kohl's any of the Prepayment amounts, as set forth in the Agreement. Any increased Prepayment amounts set forth in this Amendment constitute the total sum of the Prepayment that may exist between the Parties and is not in addition to any amounts originally provided in the Agreement.

4. **Limited Effect**: The Parties further acknowledge and agree that the Agreement (and any amendments, exhibits, or schedules thereto), including, without limitation, any Prepayment terms provided for therein, shall not apply to Kohl's purchase of any cannabidiol products from F&B. Kohl's purchase of such products shall instead be governed by the Purchase Order, Other Terms, and any separate agreement as entered into by the Parties.

5. **Payment Deduction**: In consideration for the Prepayment, Kohl's shall be entitled to deduct, via set-off, fifty percent (50%) of all invoiced amounts from F&B during the Term ("**Payment Deduction**") until the Prepayment amount is recouped in full by Kohl's.

6. **Repayment Amounts**: If, by October 31, 2019, Kohl's has not fully recouped the total Prepayment amount through Payment Deductions, as evidenced by Kohl's records and provided to F&B upon request, F&B shall pay to Kohl's the difference between the total Prepayment amount and all such Payment Deductions applied by Kohl's as of October 31, 2019 ("**Repayment Amounts**") via wire transfer or issued check, no later than November 4, 2019. F&B's failure to pay the Repayment Amounts shall constitute a breach of the Agreement and entitle Kohl's to withhold any and all future payment obligations to F&B until such Repayment Amounts are paid in full.

7. **Effect of Amendment**: This Amendment is effective as of the Amendment Effective Date and is hereby incorporated into and made part of the Agreement. Except as amended by this Amendment, all terms and provisions of the Agreement shall continue and remain in full force and effect and binding upon the parties thereto.

In the event of any conflict between the operative governing documents, the order of precedence will be (i) the Purchase Order; (ii) Other Terms; (iii) this Amendment; and (iv) the Agreement. Such documents constitute the entire agreement between the Parties with respect to the subject matter referenced therein and supersede all prior agreements, written or oral, with respect to such subject matter.

8. **Counterparts**: This Amendment may be executed in counterparts, each of which is deemed an original, but all of which constitutes one and the same agreement. Delivery of an executed counterpart of this Amendment electronically shall be effective as delivery of an original executed counterpart of this Amendment.

9. **Headings**: The headings in the Agreement and this Amendment are for reference only and do not affect the interpretation thereof.

Please do not hesitate to reach out if you have any questions or concerns with the foregoing or otherwise.

**Very truly yours,**

**Amy Kocourek**
EVP/GMM-Jrs/Kids/Acces/Jewlery
Kohl's Department Stores, Inc.

**ACCEPTED AND AGREED TO:**

FIZZ & BUBBLE, LLC

By: _____
   CRAIG BARNES
   CEO

2

## DAILY SHIPMENT REPORT

11/6/2019

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12532691 | N/A | $ 214,502.46 | 145831301 |
| | | | TOTAL $ 214,502.46 | |

EXHIBIT C
Page 1 of 8

## DAILY SHIPMENT REPORT

11/15/2019

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12569627 | N/A | $ 105,536.20 | 7940298521115 |
| KOHLS | 12602156 | N/A | $ 39,514.00 | 7940298521115 |
| | | | TOTAL $ 145,050.20 | |

EXHIBIT C
Page 2 of 8

# DAILY SHIPMENT REPORT

11/25/2019

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12601701 | BIRTHDAY MS- 132 | $ 84,900.17 | 000079429799l |
| | | RAINBOW 70- 1512 | | |
| | | SPEARMINT 70- 1584 | | |
| | | BUTTERCREAM 70- 936 | | |
| | | BIRTHDAY 70- 1440 | | |
| | | WATERMELON 70- 936 | | |
| | | BON BON TRUFFLES- 816 | | |
| | | PINEAPPLE LS- 400 | | |
| | | LEMON LS- 360 | | |
| | | BLACK AMBER 70- 1296 | | |
| | | LEMON 70- 504 | | |
| | | CHOCOLATE FACE MASK- 120 | | |
| | | BLACK AMBER CUBES- 336 | | |
| | | ORANGE MIMOSA STEAMER- 525 | | |
| | | WATERMELON LS- 680 | | |
| | | BLACK AMBER MINI FIZZY- 240 | | |
| | | RAINBOW LS- 440 | | |
| | | RAINBOW ELIXIR- 96 | | |
| | | LAVENDER MS- 1320 | | |
| | | SWEET BLOSSOM 70- 144 | | |
| | | SPEARMINT CUBES- 192 | | |
| | | ZEN 70- 144 | | |
| | | OVERNIGHT LIP TREATMENT- 80 | | |
| | | COCONUT FACE MASK- 72 | | |
| | | BIRTHDAY FOAMING SCRUB- 36 | | |
| | | COCONUT MS- 696 | | |
| | | DONUT TRUFFLES- 1320 | | |
| | | LEMON STEAMER- 210 | | |
| | | VANILLA FACE MASK- 120 | | |
| | | COCONUT CUPCAKE- 156 | | |
| | | RAINBOW CUPCAKES- 660 | | |
| | | BIRTHDAY CUPCAKES- 576 | | |
| | | BLACK AMBER CUPCAKES- 552 | | |

EXHIBIT C
Page 3 of 8

| |
|---|
| UNICORN CUPCAKES- 600 |
| ROSE WATER CUBES-360 |
| RAINBOW CUBES- 264 |
| SPEARMINT ELIXIR- 168 |
| BLACK AMBER ELIXIR- 312 |
| RAINBOW MINI FIZZY- 150 |
| BIRTHDAY MINI FIZZY- 195 |
| COCONUT MINI FIZZY- 270 |
| MINT MOJITO LS- 360 |
| BUBBLE GUM LS- 440 |
| BIRTHDAY LS- 1440 |
| HAPPY BIRTHDAY GS- 282 |

TOTAL $ AMOUNT- $84,900.17

**EXHIBIT C**
Page 4 of 8

## DAILY SHIPMENT REPORT
10/23/2019

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 1271533 | N/A | $ 141,986.15 | 795430594 |
| | | | TOTAL $ 141,986.15 | |

Case 20-03046-tmb    Doc 1    Filed 04/23/20

EXHIBIT C
Page 5 of 8

# DAILY SHIPMENT REPORT

12/28/2019

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12731556 | N/A | $ 134,496.80 | 795607849 |
| | | | TOTAL $ 134,496.80 | |

EXHIBIT C
Page 6 of 8

# DAILY SHIPMENT REPORT

1/13/2020

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12731557 | N/A | $ 89,071.20 | 796055041 |
| | | | TOTAL $ 89,071.20 | |

Kohls - $89,071.20

**EXHIBIT C**
**Page 7 of 8**

EXHIBIT C
Page 8 of 8

# DAILY SHIPMENT REPORT

1/27/2020

| CUSTOMER | PO | SHORTAGES | PO $ AMOUNT | BOL # |
|---|---|---|---|---|
| KOHLS | 12731558 | N/A | $ 89,071.20 | 14586534 |
| | | | TOTAL $ 89,071.20 | |

Kohls - $89,071.20